RUE FLINN, by her Next Friend, Evelyn Brogan, Plaintiff-Appellant, v. FOUR FOUNTAINS, INC., Defendant-Appellee.

Fifth District   No. 5—87—0485

Opinion filed March 3, 1989.

John J. Hopkins, of Hopkins & Bilbrey, P.C., of Granite City, for appellants.

John L. McMullin and Beth A. Kamp, both of Brown, James & Rabbitt, P.C., of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Rue Flinn, was a resident of a private nursing home operated by defendant, Four Fountains, Inc. While residing at the nursing home, plaintiff fell down and was injured. She brought an action against defendant in the circuit court of Madison County, by her next friend, Evelyn Brogan, to recover damages for the injuries she sustained. In her complaint, plaintiff alleged, *inter alia*, that her injuries resulted from defendant's failure to comply with certain terms and conditions imposed by the Nursing Home Care Reform Act of 1979 (Ill. Rev. Stat. 1987, ch. 111½, par. 4151—101 *et seq.*). Following a jury trial a verdict was returned in favor of defendant. Judgment was entered on that verdict, and plaintiff's post-trial motion was denied. She now appeals. We affirm.

The sole question presented for our review is whether the circuit court committed reversible error when it refused to give the following jury instruction, which was tendered by plaintiff:

> "An injury to a nursing home resident raises the presumption of a failure on the part of the nursing home to provide adequate general supervision. This presumption should be considered by you along with all other evidence in this case.
>
> It is a rebuttable presumption and can be overcome by evidence to the contrary."

■■■ Recognition of the presumption of fault as provided in this proposed instruction was critical to plaintiff's claim. This is so because plaintiff, herself, suffered from organic brain syndrome, a condition which rendered her incapable of testifying about the circumstances of her accident, and no other eyewitnesses were found who might be able to substantiate that the fall was caused by some act or omission attributable to defendant. The only real evidence on the question of causation consisted of medical testimony which suggested that plaintiff's fall may have been caused simply by a spontaneous fracture of her hip. Absent some presumption of fault, plaintiff would therefore have no basis for imposing liability upon defendant. Accord-

ing to plaintiff, this would not only defeat her own claim, but would also impair the ability of other, similarly situated nursing home residents to enforce their rights under the Nursing Home Care Reform Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 4151–101 *et seq.*).

We appreciate plaintiff's position. She has, however, been unable to advance any authority from this or any other jurisdiction upon which that position can be sustained. Nothing in the express language of the Act, itself, purports to impose a presumption of fault, and we know of nothing in the common law which would permit this court to graft such a presumption onto the Act's provisions. Accordingly, we cannot say that the circuit court erred when it refused to tender to the jury the proposed instruction quoted above. The judgment of the circuit court of Madison County is therefore affirmed.

Affirmed.

WELCH, P.J., and LEWIS, J., concur.